## McKean County Liquor Licenses.

*Liquor law—License—Resort of minors—Hotels—Act of May 5, 1921.*

Liquor licenses cannot be granted to hotels under the Woner Act of May 5, 1921, P. L. 407, because they are bound to furnish entertainment to minors as well as adults, and, therefore, are "resorts for minors" within the meaning of the act.

Application for retail licenses to sell vinous, spirituous, malt and brewed liquors. Q. S. McKean Co., June Sess., 1922, Nos. 1 and 12.

*Wilson & Fitzgibbon, Melvin & Melvin, W. E. Burdick, L. H. Simons, Mullin & Woods* and *C. W. Shattuck*, for petitioners.

BOUTON, P. J., May 8, 1922.—It will be observed that the Brooks Law, so-called, to wit, the Act of 1887, contained the following: "Provided, that no license shall be granted under the provisions of this act to any persons to sell in any room where groceries are sold, at wholesale or retail."

The Act of May 5, 1921, P. L. 407, known as the Woner Law, which was an amendment to the Brooks Law, contained the following proviso: "Provided, that no license shall be granted under the provisions of this act to any person to sell in any room where groceries are sold, *or in any place of resort for minors.*"

It will be observed that both the Brooks Law and the Woner Law absolutely prohibited the sale of vinous, spirituous, malt or brewed liquors to minors, and it seems to have been the policy of the Woner Law to further protect minors from the temptation to purchase liquors, and to remove the temptation of licensees to sell to minors, when they added the proviso above quoted.

Each of the applicants for retail licenses at this term are keepers of hotels, and the place in each instance asked to be licensed is a hotel. A hotel is a public resort beyond all question, and it is as much a place of resort for minors as it is for those of full age. A keeper of a hotel is bound to furnish entertainment to all people of respectability who apply for accommodations, if he has such accommodations. In other words, if his rooms are not all occupied, he cannot refuse applicants for such rooms and accommodations. If we are right in our conclusion that a hotel is a place of resort for minors, then, under the law, we are prohibited from granting a license to such place.

The Woner Law has removed the discretion of the court as to the necessity for the license, but has given the court discretion as to the fitness of the place. It follows, then, in addition to the prohibition against granting licenses to a place of resort for minors, in view of the spirit of the law, which, in our judgment, as already said, seeks to remove the temptation for minors to purchase liquors, that a hotel is not a fit place in which to sell vinous, spirituous, malt or brewed liquors.

This opinion will be filed and will apply to all applications for retail licenses at this term, and will become a part of the record in each case.

From E. G. Potter, Smethport, Pa.